# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | 3:13 CR 00053-1 |
| WALTER LEWIS GLENN, | ) | Judge Marvin E. Aspen |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The four-count Indictment against Walter Glenn charges that, on or about December 7, 2010, he knowingly made false statements of material fact to the Social Security Administration ("SSA") when applying for benefits. Pursuant to 42 U.S.C. § 1383a(a)(2), the Indictment alleges that Glenn lied to SSA by representing in his application that he had not been accused or convicted of a felony (Count One), that he was not on parole or probation (Count Two), and that his wife did not receive any type of income (Count Three). Count Four, brought under 18 U.S.C. § 1001, charges that Glenn misrepresented, under penalty of perjury, that all of the information provided in connection with his application was correct.

Presently before us is Glenn's motion to dismiss Count Four and to require the Government to elect offenses for prosecution. (Dkt. No. 53.) Glenn contends that Count Four is multiplicitous of the prior three counts, as it relies on the same alleged misrepresentations. For the reasons set forth below, although we preliminarily express our agreement with Glenn that the Indictment may pose *potential* double jeopardy issues, we deny the motion at this time without prejudice.

## STANDARD OF REVIEW

Federal Rule of Criminal Procedure 12 provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2); *U.S. v. Hahn*, 574 F. Supp. 2d 827, 830 (M.D. Tenn. 2008). The rule "encourage[s] district courts to entertain and dispose of pretrial criminal motions before trial if they are capable of determination without trial of the general issues." *United States v. Levin*, 973 F.2d 463, 467 (6th Cir. 1992); *see also U.S. v. Vichitvongsa*, 12 CR 13, 2012 WL 6553750, at *1 (M.D. Tenn. Dec. 13, 2012). "Generally, motions are capable of determination before trial if they raise questions of law rather than fact." *U.S. v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976); *U.S. v Winddancer*, 435 F. Supp. 687, 691 (M.D. Tenn. 2006) (noting that we should determine only if the indictment is valid on its face when undertaking this review).

## ANALYSIS

In his motion, Glenn contends that the 18 U.S.C. § 1001 charge for making false statements to the federal government is multiplicitous of the three charges brought under 42 U.S.C. § 1383a(a)(2), in violation of the double jeopardy clause of the Fifth Amendment. U.S. Const. amend. V ("[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb."). The double jeopardy clause not only protects individuals "from successive trials, but also prohibits multiple punishments for the same offense." *U.S. v. DeCarlo*, 434 F.3d 447, 454 (6th Cir. 2006); *Jones v. Thomas*, 491 U.S. 376, 380–81, 109 S. Ct. 2522, 2525–26 (1989). The purpose of the Fifth Amendment's prohibition against multiplicitous charges "is to ensure that sentencing courts do not exceed, by the device of multiple punishments, the limits prescribed by the legislative branch of government, in which lies the

substantive power to define crimes and prescribe punishments." *Jones*, 491 U.S. at 381, 109 S. Ct. at 2525–26; *Roberge v. United States*, 04 CR 70, 2013 WL 4052926, at *7–11 (E.D. Tenn. Aug. 12, 2013).

Of course "a single transaction can give rise to distinct offenses under separate statutes without violating" the double jeopardy clause. *DeCarlo*, 434 F.3d at 454 (internal quotation omitted); *U.S. v. Dudeck*, 657 F.3d 424, 427–28 (6th Cir. 2011); *U.S. v. Whaley*, 10 CR 169, 2012 WL 1193352, at *18–19 (E.D. Tenn. Apr. 9, 2012). In analyzing whether the Government has charged distinct offenses, we look first to legislative intent. *DeCarlo*, 434 F.3d at 454; *U.S. v. Angeles*, 484 F. App'x 27, 32 (6th Cir. 2012). For federal crimes, as here, we ask "whether Congress intended to punish each statutory violation separately." *DeCarlo*, 434 F.3d at 454 (internal quotation omitted); *Angeles*, 484 F. App'x at 32. If we cannot discern Congressional intent from the statutory language and legislative history, we apply "the presumption that multiple convictions contravene legislative intent." *Dudeck*, 657 F.3d at 428; *Angeles*, 484 F. App'x at 32; *Whaley*, 2012 WL 1193352, at *18–19. Under this presumption, we then compare the elements of the challenged crimes "to determine whether each provision requires proof of a fact which the other does not." *Blockberger v. Unites States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932); *Angeles*, 484 F. App'x at 32; *DeCarlo*, 434 F.3d at 455.

### A.     *Whether the Statutes as Charged Pose a Potential Double Jeopardy Problem*

Pursuant to the above authorities, we begin our preliminary analysis with Congressional intent. Citing to the legislative history concerning the 1996 amendment to 18 U.S.C. § 1001, Glenn argues that the statute is intended primarily to prosecute members of Congress and is not applicable to his case. (Mot. at 3.) Glenn's argument is not entirely convincing, however. The statute's history indicates that the purpose of the 1996 amendment was to ensure that § 1001

3

applied to all three branches of federal government, with certain exceptions, but not to limit its applicability. *See* H.R. Rep. 104-680, 1996 U.S.C.C.A.N. 3935, 3936–39 (1996). Nonetheless, the Government has not argued that Congress intended for separate prosecutions of alleged violations of § 1001 and 42 U.S.C. § 1383a(a)(2) or cited any authority for that proposition. The text of the statutes does not suggest that a single offense should be punished under both acts, and our research has not uncovered any authority directly supporting such charges.

In the absence of clear Congressional intent for dual punishment, we consider the elements of the two offenses under *Blockberger*. 284 U.S. at 304, 52 S. Ct. at 182; *Dudeck*, 657 F.3d at 428. The Government does not argue that the elements are different and, moreover, concedes that it could have chosen to prosecute Glenn under either 42 U.S.C. § 1383a(a)(2) or 18 U.S.C. § 1001. (Resp. at 3 n.1.) Under either statute, the Government must prove that: "(1) the defendant made a statement; (2) the statement was false; (3) the defendant had knowledge of the falsity of such statement; (4) the statement was relevant to the functioning of a federal department or agency [such as SSA]; and (5) the false statement was material." *U.S. v. Jamal*, 246 F. App'x 351, 357 (6th Cir. 2007) (identifying elements of a § 1001 charge); 42 U.S.C. § 1383a(a)(2) (making it illegal to "knowingly and willfully make[] . . . a false statement or representation of a material fact in any application for any benefit under this subchapter"). On the whole, we are inclined to conclude that "the offenses set forth [in these two statutes] are the same offense for double jeopardy purposes." *U.S. v. Gardner*, 72 F. App'x 932, 938 (4th Cir. 2007) (assuming the same).

### B.    *Whether the Facts as Charged Pose a Potential Double Jeopardy Problem*

As the Government argues, however, the potential double jeopardy question here boils down to whether Glenn's statement as charged in Count Four can be deemed a separate and

4

distinct statement than those alleged in Counts One through Three. "The law is well established that a single lie merits only one punishment." *U.S. v. Ragland*, 3 F. App'x 279, 284 (6th Cir. 2001); *U.S. v. Olsowy*, 836 F.2d 439, 442–43 (9th Cir. 1987) (concluding that "where identical false statements, either in oral or written form, are made in response to identical questions, the declarant may be convicted only once"); *see also U.S. v. Ortega*, 10 CR 2444, 2011 WL 3267377, at *4 (D. Ariz. July 29, 2012). Although separate charges may be brought for separate lies told, it is "improper to charge and punish [a] [d]efendant more than once for her answers to the same rephrased questions." *Ragland*, 3 F. App'x at 284; *see U.S. v. Anderson-Bagshaw*, 509 F. App'x 396, 411–13 (6th Cir. 2012).

In *Ragland*, for example, the Government had charged the defendant with two counts of perjury stemming from her false statements before a grand jury. In the grand jury proceedings, Ragland twice stated "in response to two separate series of questions" that she had placed a particular phone call when she knew that another individual had made the call. 3 F. App'x at 281–82. The Sixth Circuit concluded that the two counts involved "separate responses to essentially the same question." *Id.* at 284. As a result, Ragland's dual convictions could not stand. *Id.* (reversing conviction on the second count for offending the double jeopardy clause).

By contrast, the Sixth Circuit in *Anderson-Bagshaw* affirmed the defendant's conviction for at least nine violations of 18 U.S.C. § 1920, for making false statements to obtain federal employee compensation. 509 F. App'x at 402, 411–13. There, the defendant made numerous separate misstatements of fact when applying for benefits, including that she did not engage in volunteer activities, could not engage in limited duty work, and did not receive income from any business or investment activities. *Id.* at 412–13. The court stated that, unlike the situation in *Ragland*, defendant's statements were "not merely the same response to a rephrased question."

5

*Id.* at 413. Because "each one of the statements required different factual proofs of falsity," the counts of conviction were not multiplicitous. *Id.*

We thus prefatorily consider whether Glenn's statements, as charged in the Indictment, represent "separate responses to essentially the same question," as in *Ragland*, or "statements requir[ing] different factual proofs of falsity," as in *Anderson-Bagshaw*. *See also U.S. v. McCafferty*, 10 CR 387, 2011 WL 933771, at *11 (N.D. Ohio Mar. 16, 2011) (explaining that the court's task "will be to determine whether the questions and answers varied in subtle but meaningful ways, or whether the interviewing agent merely repeated or rephrased the same question resulting in one alleged lie repeated multiple times"). Counts One through Three allege specific misstatements of fact as to Glenn's criminal history and his wife's income. (Indict. at 1–2.) Without question, these counts allege separate falsehoods requiring different proofs of falsity. *Anderson-Bagshaw*, 509 F. App'x at 413.

Count Four then alleges that in the same December 7, 2010 interview with an SSA employee, Glenn "represented, under penalty of perjury, that all of the information provided in connection with [his] application . . . was true and correct to the best of his knowledge." (Indict. at 3.) The Indictment further charges that Glenn knew this certification was false because he had already knowingly made false statements about his felony conviction, parole or probation status, and his wife's income. (*Id.*) We preliminarily find that Count Four is multiplicitous of Counts One through Three because the Government presumably cannot meet its burden on Count Four without also proving Glenn guilty of at least one of the prior counts. The factual proof of the falsity of the certification, as in Count Four, appears contingent on factual proof of the falsity of another count. In addition, according to Glenn, all of these alleged false statements took place in the course of a single phone call with SSA. (Mot. at 3.) *See, e.g.*, *Olsowy*, 836 F.2d at 442–43

(reversing three convictions for multiplicitous § 1001 charges but affirming convictions for "two separate wrongs" under another statute, where the defendant submitted a false claim to Treasury and then, five months later, made related false statements to the Secret Service). Under the circumstances presented here, we preliminarily hold that Glenn's alleged lie about the veracity of his December 7, 2010 application is more similar to the repeated false statement in *Ragland* than the distinct falsehoods at issue in *Anderson-Bagshaw*.

### C. Resolution of the Potential Double Jeopardy Issue

In evaluating Glenn's motion, we bear in mind that "the [d]ouble [j]eopardy [c]lause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Jones*, 491 U.S. at 381, 109 S. Ct. at 2526 (internal quotation omitted). Here, Glenn has identified a potential double jeopardy problem, but he is not and will not be in jeopardy of multiple punishments unless he is convicted on Count Four. Although we have offered our preliminary analysis on this question so that the parties can fully and knowledgeably prepare for trial, we conclude that Glenn's motion is premature.

Even where counts are multiplicitous, we need not set aside an indictment prior to trial. *Ball v. United States*, 470 U.S. 856, 865, 105 S. Ct. 1668, 1673–74 (1985); *Wieland v. Brown*, 917 F.2d 1305, at *5 (6th Cir. 1990) (table); *U.S. v. Anderson-Bagshaw*, 11 CR 257, 2011 WL 3901880, at *6 (N.D. Ohio Sept. 6, 2011); *U.S. v. Taylor*, 04 CR 160, 2006 WL 3489043, at *3 (E.D. Tenn. Dec. 4, 2006). We do not perceive, and Glenn has not articulated, any prejudice should we proceed to trial on all four counts, particularly as the evidence presented should be the same. On the facts before us, we can avoid any actual double jeopardy later, should the threat arise. *See Ball*, 470 U.S. at 865, 105 S. Ct. at 1673–74 (instructing the district court to allow the jury to decide all counts where the evidence warrants it, even if the judge must later enter

judgment on less than all offenses should the jury convict on all charges); *Jones*, 491 U.S. at 381, 109 S. Ct. at 2526.

## **CONCLUSION**

For the reasons discussed above, we deny Glenn's motion without prejudice. If Glenn is convicted of Count Four, we will entertain any renewed double jeopardy objections at that time. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: July 31, 2014