# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | 3:13 CR 00053-1 |
| WALTER LEWIS GLENN, ) | Judge Marvin E. Aspen |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

The four-count Indictment against Walter Glenn charges that, on or about December 7, 2010, he made false statements of material fact to the Social Security Administration ("SSA") when applying for benefits, in violation of 42 U.S.C. § 1383a(a)(2) and 18 U.S.C. § 1001. Specifically, the Indictment alleges that Glenn lied to SSA by representing in his application that he had not been accused or convicted of a felony (Count One), that he was not on parole or probation (Count Two), and that his wife did not receive any type of income (Count Three). Count Four charges that Glenn misrepresented, under penalty of perjury, that all of the information in connection with his application was correct.[1] Presently before us are four motions in limine filed by the parties in preparation for the upcoming September 3, 2014 jury trial. For the reasons set forth below, we grant Glenn's first motion in part and deny it in part. We deny Glenn's second and third motions in limine and grant the Government's motion.

We also address Glenn's motion for preservation and disclosure of rough notes and grand jury testimony. As discussed in more detail below, that motion is denied.

---

[1] Glenn filed a motion to dismiss Count Four in light of double jeopardy concerns. As discussed in our July 31, 2014 opinion, (Dkt. No. 61), that motion is denied without prejudice.

1

I.      MOTIONS IN LIMINE

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176–77 (S.D.N.Y. 2008) (citing *Luce v. Unites States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 463 (1984)). "The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures—including motions *in limine*—in order to narrow the issues remaining for trial and to minimize disruptions at trial." *U.S. v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *see U.S. v. Huff*, 10 CR 73, 2011 WL 4916195, at *1 (E.D. Tenn. Oct. 27, 2011). Because a ruling on a motion in limine is "subject to change as the case unfolds," this ruling constitutes a preliminary determination in preparation for trial. *See Luce*, 469 U.S. at 41, 105 S. Ct. at 163; *U.S. v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). A district court's rulings on in limine motions will be reversed only where the court abuses its discretion, that is, "when it relies on clearly erroneous findings of fact, when it improperly applies the law, or when it employs an erroneous legal standard." *U.S. v. Gunter*, 551 F.3d 472, 483 (6th Cir. 2009); *U.S. v. Cline*, 362 F.3d 343, 348–49 (6th Cir. 2004).

## ANALYSIS

Each of the pending motions pose evidentiary questions governed by Federal Rules of Evidence 403 and 404(b). Before we evaluate the motions, we briefly review these rules and pertinent authority.

Rule 403 authorizes us to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. When

considering the admissibility of evidence under Rule 403, we "look at the evidence in the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *U.S. v. Poulsen*, 655 F.3d 492, 509 (6th Cir. 2011) (internal quotation omitted); *U.S. v. Adams*, 722 F.3d 788, 812 (6th Cir. 2013); *U.S. v. Fraser*, 448 F.3d 833, 840 (6th Cir. 2006). We also bear in mind that "[u]nfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." *U.S. v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993) (internal quotation omitted); *see U.S. v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2011); *U.S. v. Houston*, 13 CR 09, 2014 WL 199065, at *2 (E.D. Tenn. Jan. 16, 2014) ("Evidence that is prejudicial only in the sense that it portrays the defendant in a negative light is not unfairly prejudicial for purposes of Rule 403.").

Rule 404(b) more specifically prohibits the use of "evidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). While impermissible to show character or propensity, evidence of prior crimes or other acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

We undertake a three-step process when determining the admissibility of evidence under Rule 404(b)(2). *U.S. v. Haywood*, 280 F.3d 715, 719–20 (6th Cir. 2002); *see U.S. v. Carranza*, — F. App'x —, 2014 WL 2978181, at *2 (6th Cir. 2014); *U.S. v. Magoti*, 352 F. App'x 981, 984 (6th Cir. 2009); *U.S. v. Bell*, 516 F.3d 432, 440–41 (6th Cir. 2008); *U.S. v. Johnson*, 27 F.3d 1186, 1190 (6th Cir. 1994). In the first step, we assess "whether there is sufficient evidence to show that the defendant committed the other acts." *Bell*, 516 F.3d at 441 (explaining that the

3

government must show that defendant was the actor and that the event actually occurred, but need not meet the preponderance standard); *Carranza*, 2014 WL 2978181, at *2; *Haywood*, 280 F.3d at 720. The second step asks "whether the other acts evidence is admissible for a proper purpose," such as those listed in Rule 402(b). *Bell*, 516 F.3d at 441; *Carranza*, 2014 WL 2978181, at *2; *Haywood*, 280 F.3d at 720. This step requires us to consider whether the evidence is offered for a legitimate reason, is material, and is probative of the reason offered. *Bell*, 516 F.3d at 441–42; *Haywood*, 280 F.3d at 720; *U.S. v. Arellano-Garcia*, 09 C 186, 2010 WL 4320499, at *2 (M.D. Tenn. Oct. 26, 2010). "Finally, if the evidence is probative of a material issue other than character, [we] must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect," as we would under Rule 403. *Haywood*, 280 F.3d at 720 (internal quotation omitted); *U.S. v. Ray*, 549 F. App'x 428, 433–34 (6th Cir. 2013); *Bell*, 516 F.3d at 444–45.

      A.      **Glenn's First Motion in Limine**

We turn to Glenn's first motion, which seeks the exclusion of evidence of five prior arrests and convictions. (1st MIL at 1–3.) Glenn argues that this undisputed criminal history—including three felony convictions for theft since 2010, as well as a misdemeanor perjury conviction—is irrelevant and unduly prejudicial. (*Id.*) He further argues that this evidence lacks probative value because he has offered to stipulate to the fact that he has a prior felony conviction, as relevant to the charges brought in Counts One and Two under 42 U.S.C. § 1383a(a)(2). As such, Glenn contends that we cannot allow the introduction of evidence about the nature of these prior crimes, particularly in light of *Old Chief v. United States*, 519 U.S. 172, 117 S. Ct. 644 (1997) (holding that the government cannot introduce prior convictions to prove a defendant's status as a felon where defendant would stipulate to that status). (1st MIL at 1–2.)

### 1. Use of this Evidence in the Government's Case in Chief

In its response, the Government states that it does not intend to introduce evidence of Glenn's pending charges or his 2014 felony conviction, for which he is currently serving a three-year sentence. (1st MIL Resp. at 2.) That concession eliminates two of Glenn's concerns. The Government wishes to introduce evidence of Glenn's three 2010 convictions: two theft felonies and the perjury misdemeanor. (*Id.* at 1–2.) Indeed, one of the two September 2010 felony convictions stems from Glenn's theft of nearly $200,000 from SSA, the same victim alleged in this case. (*Id.* at 1–2 & Ex. A.) The other September 2010 felony conviction resulted from Glenn's embezzlement from a church construction fund. (1st MIL at 1.) The Government seeks to rely on evidence of these three convictions to show lack of mistake, knowledge, and intent. It also wants to introduce this evidence to show both the falsity of Glenn's statements concerning his prior convictions and sentence of probation, as well as the materiality of those statements to SSA for its investigatory or benefits determinations. (1st MIL Resp. at 3–6 & n.2.)

We begin with Glenn's *Old Chief* argument. As a general rule, the "Government is entitled to introduce its own evidence to prove every element of its case." *U.S. v. Boyd*, 640 F.3d 657, 668 (6th Cir. 2011); *Old Chief*, 519 U.S. at 186–87, 117 S. Ct. at 653. The holding in *Old Chief* narrowly limits this proposition in cases where the defendant's status as a felon is an element of the offense, such as under 18 U.S.C. § 922(g)(1). *Old Chief*, 519 U.S. at 190–92, 117 S. Ct. at 654–55; *Boyd*, 640 F.3d at 668; *U.S. v. Caldwell*, 181 F.3d 104, at *6 (6th Cir. 1999) (table); *see, e.g.*, 18 U.S.C. § 922(g)(1) (outlawing firearms possession by felons). Pursuant to *Old Chief*, we should accept a defendant's offer to stipulate as to his felon status and bar the Government from introducing details about the underlying felony conviction, "to prevent the jury from being unduly prejudiced by the nature of [the defendant's] prior offenses." *Boyd*, 640

F.3d at 668; *Old Chief*, 519 U.S. at 186–92, 117 S. Ct. at 654–56. Nonetheless, we may allow prior act evidence if it is used for another valid purpose, other than to prove a defendant's status as a felon. *Boyd*, 640 F.3d at 668–69; *U.S. v. Tolley*, 173 F.3d 431, at *4 (6th Cir. 1999) (table); *see U.S. v. Campbell*, 05 CR 23, 2009 WL 595980, at *2 (E.D. Tenn. Mar. 6, 2009). For example, prior acts evidence may be admissible to prove specific intent or any element of a crime *other* than the status element. *Boyd*, 640 F.3d at 668–69; *U.S. v. Mellies*, 329 F. App'x 592, 598–600 (6th Cir. 2009); *U.S. v. Bilderbeck*, 163 F.3d 971, 977–78 (6th Cir. 1999); *Tolley*, 173 F.3d 431, at *4; *see also Old Chief*, 519 U.S. at 190–92, 117 S. Ct. at 654–56.

Here, Glenn has offered to stipulate under *Old Chief* that, prior to the indictment, he had been convicted of a felony. (1st MIL at 2; Notice of Proposed Stip. (Dkt. No. 45) at 1.) As the Government points out, however, this stipulation addresses only one element of one of the charged counts. Glenn has not offered to stipulate, for example, that he was on probation during the relevant time period, as alleged in Count Two. Nor does the proposed stipulation cover other elements of the charged crimes, including the requirements that the false statements were made "knowingly and willfully" and were material to the SSA's decisionmaking. 42 U.S.C. § 1383a(a), *see* 18 U.S.C. § 1001; *see also U.S. v. Hurley*, 529 F. App'x 569, 575 (6th Cir. 2013) (citing pattern jury instructions and noting that "an act is done knowingly and willfully if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason"). The Government must prove each of these elements at trial, including intent, above and beyond Glenn's conceded status as a felon. Accordingly, *Old Chief* does not apply. *See, e.g.*, *Boyd*, 640 F.3d at 668–69; *Mellies*, 329 F. App'x at 598–600, *Bilderbeck*, 163 F.3d at 977–78.

Evidence of the three 2010 convictions may not be admissible, however, unless consistent with Rule 404(b) and, thus, Rule 403. Glenn does not contest the existence of his

underlying convictions and, therefore, the first prong of the Rule 404(b)(2) analysis is readily satisfied. We next address whether this evidence is offered for a proper purpose, that purpose is material, and the evidence is probative thereof. *See Bell*, 516 F.3d at 441–42; *Haywood*, 280 F.3d at 720. Glenn contends that the evidence of his 2010 convictions lacks probative value, resulting in unfair prejudice. (1st MIL at 2.) The Government's stated purposes for introducing this evidence—to prove intent, knowledge, falsity and/or materiality—are legitimate uses of prior acts evidence. Fed. R. Evid. 404(b)(2); *see Carranza*, 2014 WL 2978181, at *3 (concluding that evidence of the defendant's prior I-9, in which he misrepresented his citizenship, was probative of his knowledge, intent, and lack of accident or mistake); *Magoti*, 352 F. App'x at 984 (affirming, in a false statements case, that evidence of additional I-9 forms was relevant to the defendant's knowledge and intent, both at issue with respect to her individual I-9 form); *Bell*, 516 F.3d at 441–42. Not only are the Government's stated purposes legitimate uses of prior convictions evidence, but those issues are material for this prosecution. Although we do not know the details of Glenn's defense, the Government must independently establish these elements, including intent, knowledge, and materiality, to meet its burden at trial.

Turning to the relevance of the evidence, we agree with the Government that the September 2010 conviction for theft from SSA is plainly probative of Glenn's knowledge, intent, and the materiality of his alleged misrepresentation. Evidence of that conviction and the resulting probation sentence—occurring just a few months before the December 7, 2010 misstatements alleged in the Indictment—are probative of Glenn's knowledge, intent, and absence of mistake when answering questions for, and submitting, his SSA application. Evidence of the SSA theft conviction is also probative of the materiality of the false statements;

7

SSA may have altered its investigation had it been aware of Glenn's prior conviction for theft of the agency. Such evidence, of course, would establish his status as a felon on probation.

For the same reasons, evidence of Glenn's September 2010 felony embezzlement conviction is relevant to show his knowledge, intent, and absence of mistake, as well as the falsity of his statement and its materiality to SSA—although perhaps not to the same extent as his conviction for theft of SSA itself.

We are not convinced, however, that evidence of the perjury conviction would be probative of the material issues. Neither party has provided details about the perjury offense, which was a misdemeanor conviction. Evidence of the misdemeanor conviction would not be relevant to show either that: (1) Glenn was convicted of a felony; or (2) SSA may have reached another decision had it been aware of the conviction. *See* 42 U.S.C. § 1383(a)(2)(B)(ii)(IV) (mandating that SSA consider, as part of its investigation into benefits eligibility, whether a person has been convicted of a felony); 42 U.S.C. § 1383(a)(2)(B)(ii)(V) (similarly mandating that SSA consider whether the applicant is violating a condition of probation or parole). We fail to see how the perjury conviction would be probative to the Government's case, rather than probative of Glenn's character.

As for the third step of the Rule 404(b)(2) analysis, we conclude that evidence of Glenn's 2010 conviction for theft of SSA, though prejudicial, may be admitted for the purposes described above. This evidence touches on essential elements of the Government's case for Counts One, Two, and Four. It directly supports the Government's theory that Glenn was a convicted felon, was on probation, and knowingly lied to SSA, in such a way that materially affected SSA's investigation and/or determination. We are not aware of any other or more probative evidence that the Government could use to establish Glenn's intent and knowledge, as well as the falsity

and materiality of the statements.  *See, e.g.*, *Carranza*, 2014 WL 2978181, at *4; *Bell*, 516 F.3d at 445–46.  Although this evidence will be prejudicial to Glenn, its probative value outweighs the potential prejudice.  Glenn may propose a limiting instruction for the jury concerning this evidence, on or by August 25, 2014.  The Government may submit any objection thereto by August 28, 2014.

On the other hand, we find that evidence of both the church embezzlement and perjury convictions would be unfairly prejudicial to Glenn if admitted, despite any relevance.  *See also* Fed. R. Evid. 403.  "One factor we consider in balancing probative value against prejudice is the availability of other proof."  *Carranza*, 2014 WL 2978181, at *4; *U.S. v. Freeman*, 412 F. App'x 735, 746 (6th Cir. 2010) (stating that we must account for "the government's alternative sources" of proof); *see Arellano-Garcia*, 2010 WL 4320499, at *3.  Here, the Government can rely on Glenn's conviction for theft of SSA for the same purposes it would seek to introduce evidence of the other 2010 convictions.  Evidence of these two offenses is thus duplicative, as well as highly prejudicial.

Under the circumstances, we grant Glenn's motion to exclude evidence of these two offenses, with one caveat.  If the Government ultimately requires this evidence, in addition to the SSA theft conviction, to prove the materiality of Glenn's alleged misstatements to SSA we will revisit this issue at trial.  For now, Glenn's motion is granted as to evidence of his 2010 embezzlement and perjury convictions and is otherwise denied.

### 2. *Use of this Evidence for Impeachment*

Glenn also argues that the evidence of his prior felony convictions is inadmissible to attack his character for truthfulness under Rule 609(a)(1), should he testify.  (1st MIL at 3–4.)  We briefly address this argument.

9

We first note that Rule 609(a)(2) requires us to admit evidence of any crime, including a felony, if we "can readily determine that establishing the elements of the crime" require proof of "a dishonest act or false statement." [2] Fed. R. Evid. 609(a)(2); *U.S. v. Washington*, 702 F.3d 886, 892 (6th Cir. 2012) ("A district court lacks discretion to exclude a crime of dishonesty or false statement from evidence."); *U.S. v. Rodriquez*, 409 F. App'x 866, 870 n.2 (6th Cir. 2011) (such evidence shall be admitted "without any balancing of prejudice or other factors"). We cannot determine on the record before us—and the parties have not addressed—whether either of Glenn's 2010 felony convictions involve dishonest acts or false statements. The Sixth Circuit "has adopted the position that theft and related crimes do not ordinarily amount to crimes of dishonesty or false statement." *Washington*, 702 F.3d at 893; *see also U.S. v. Arhebamen*, 197 F. App'x 461, 466–67 (6th Cir. 2006) (looking to state definitions of crimes to determine whether they involve dishonesty or false statement); *McHenry v. Chadwick*, 896 F.2d 184, 188–89 (6th Cir. 1990) (same). Without knowing more about the underlying Tennessee state convictions, however, we cannot rule out the possibility that the two 2010 felony convictions may be admissible for impeachment purposes under Rule 609(a)(2).

Under Rule 609(a)(1), on the other hand, we may bar evidence of a defendant's prior felony conviction "if the probative value of the evidence outweighs its prejudicial effect." Fed. R. Evid. 609(a)(1)(B). In balancing the probity and prejudice of the evidence, we consider: "(1) the impeachment value of the prior crime, (2) the point in time of the conviction and the witness' subsequent history, (3) the similarity between the past crime and the charged crime, (4) the importance of the defendant's testimony, and (5) the centrality of the credibility issue."

---

[2] Glenn does not argue, nor could he, that we should preclude the Government's use of his misdemeanor perjury conviction for impeachment purposes. Fed. R. Evid. 609(a)(2); *Washington*, 702 F.3d at 892; *U.S. v. Rattigan*, 996 F.2d 1218, at *4 (6th Cir. 1993) (table) (noting that perjury is listed specifically as a crime of dishonesty in the notes to Rule 609).

*Arhebamen*, 197 F. App'x at 467 (quoting *U.S. v. Meyers*, 952 F.2d 914, 916–17 (6th Cir. 1992)); *U.S. v. Chesteen*, 03 CR 20036, 2003 WL 21946463, at *1 (W.D. Tenn. June 23, 2003). The similarity of the prior crime and its temporal proximity likely increase the prejudicial effect to the defendant. *U.S. v. Blackburn*, 995 F.2d 1068, at *2 (6th Cir. 1993) (table) ("[T]he prejudice is greater when the prior conviction was for a similar crime; a prior conviction for a dissimilar crime would be more readily admissible."). Depending on the circumstances and the defendant's intended defense, the probative value of a prior conviction's timing and similarity may also increase with prejudice.

Glenn's credibility will be a central issue if he chooses to testify, particularly because the Indictment alleges that he made false statements to SSA within weeks of his prior convictions. Keeping in mind the pertinent factors, we will allow impeachment using the two underlying 2010 felonies due to their anticipated probative value. We thus deny the motion under Rule 609(a) without prejudice. Glenn may submit a proposed limiting instruction for the jury about this evidence, on or by August 25, 2014. The Government may submit any objection thereto by August 28, 2014.

    **B.**    **Glenn's Second Motion in Limine and the Government's Motion in Limine**

Because Glenn's second motion in limine and the Government's motion in limine are intertwined, we address them together. For its part, the Government seeks to admit two statements that Glenn made to the Department of Veterans Affairs ("the VA"). (Gov't MIL at 1–3.) According to the Government, on March 17, 2010, Glenn indicated on a VA Health Benefits Renewal Form that his wife was employed full-time and had earned $32,000 in 2009. (*Id.* at 2 & Ex. A.) On April 1, 2011, Glenn stated on a subsequent VA form that his wife was employed full-time and had earned $26,000 in 2010. (*Id.* at 2 & Ex. B.) The Government contends that

11

these statements to the VA bear on Glenn's knowledge of his wife's employment status and income, as well as the falsity of his statements to SSA, both relevant to Counts Three and Four. Although Glenn apparently pled guilty to theft of more than $1,000 in state court in July 2014 in connection with these statements to the VA, the Government does not intend to introduce any evidence of that prosecution or conviction. (Gov't Resp. to 2d MIL at 1; 2d MIL at 1–2.)

In his competing motion, Glenn contends that his statements to the VA became the basis for his recent conviction and thus should be excluded under Rule 404(b), as other acts evidence, or alternatively under Rule 403, as unduly prejudicial. (2d MIL at 2–5.) We disagree.

With respect to the Rule 404 argument, Glenn's statements to the VA—standing alone, as proposed by the Government—do not constitute other acts evidence. These statements demonstrate Glenn's knowledge of his wife's employment status and income at pertinent times. They do not qualify as evidence of a "crime, wrong, or other act" prohibited by Rule 404(b). Fed. R. Evid. 404(b)(1). Nor does the Government intend to offer these statements as evidence of Glenn's character or propensity to act in a certain manner. To the contrary, Glenn's statements to the VA, within months of his contradictory statements to SSA, are admissible to show knowledge of his wife's employment, the falsity of his SSA application, and the absence of mistake. Even if these statements could be deemed other acts evidence covered by Rule 404, they would be permitted under Rule 404(b)(2).

As to the related Rule 403 argument, we cannot conclude that the probative value of this evidence is substantially outweighed by the danger of prejudice to Glenn. Fed. R. Evid. 403. As discussed above, this evidence is highly relevant to the Government's case in chief for Counts Three and Four. We are not aware of any other, more probative evidence available to the Government to show Glenn's personal knowledge of his wife's employment and income,

particularly as the Government cannot compel Glenn to testify.³ Although introduction of this evidence may damage Glenn's position at trial, it would not "suggest decision on an improper basis." *Bonds*, 12 F.3d at 567; *see also Houston*, 2014 WL 199065, at *2 ("Evidence that is prejudicial only in the sense that it portrays the defendant in a negative light is not unfairly prejudicial for purposes of Rule 403."). Accordingly, we grant the Government's motion in limine and deny Glenn's second motion.

### C. Glenn's Third Motion in Limine

In his third motion, Glenn asks that we exclude evidence of statements he allegedly made to an SSA investigating agent on May 3, 2012. Special Agent Thomas Goldman, along with another agent, interviewed Glenn that morning at his place of employment about his SSA and VA applications. (3d MIL at 1.) According to Agent Goldman, Glenn admitted during the interview that his SSA application was incorrect, as alleged in the Indictment. (3d MIL, Ex. A. (5/3/12 Interview Mem.) at 3.) Glenn denies making any such statements to Agent Goldman. (3d MIL at 1–2.) Glenn claims that because he denies the admissions and did not sign any written sworn statement, the Government cannot use this evidence. He further argues that Agent Goldman's testimony would be highly prejudicial and must be barred under Rule 403. (*Id.*)

In response, the Government asserts that it will rely on Agent Goldman's testimony for only relevant portions of Glenn's interview.⁴ For example, the Government seeks to introduce

---

³ It is not clear whether or to what extent Glenn's wife will testify. Although she appears to be listed on the Government's witness list, (Dkt. No. 70), she may or may not be compelled to testify adversely against Glenn depending on certain circumstances. *See, e.g.*, *U.S. v. Porter*, 986 F.2d 1014, 1018 (6th Cir. 1993) (describing generally the adverse spousal testimony privilege). Regardless, Glenn's statements to the VA are admissible to demonstrate his own knowledge of her employment status at relevant times.

⁴ Glenn allegedly made false statements to the special agents during the interview about issues unrelated to this case. (3d MIL at 2 (stating that Glenn discussed his military service and application for VA benefits); 3d MIL Resp. at 3.)

13

Glenn's admission to Agent Goldman that his statements to SSA at issue here (about his prior felony convictions, his probationary status, and his wife's income) were incorrect. (3d MIL Resp. at 2–3.) These admissions are plainly probative of all counts against Glenn.

Although Glenn denies making these statements and attacks Agent Goldman's credibility, such arguments do not affect either the relevance or admissibility of the evidence. The statements, for example, are not hearsay under Rule 801(d)(2). Fed. R. Evid. 801(d)(2)(A) (governing statements, including admissions, of a party-opponent); *see U.S. v. Joseph*, 483 F. App'x 146, 149–50 (6th Cir. 2012) (upholding the admission of statements made by defendant, through counsel, during an IRS investigation); *U.S. v. Turner*, 995 F.2d 1357, 1363 (6th Cir. 1993) (affirming district court's refusal to suppress defendant's voluntary statements to firemen about an arson). Moreover, both agents are expected to testify at trial, and Glenn may cross-examine them about their investigation, his alleged admissions, and the absence of any written statement from him. We cannot assess witness credibility by motion, and we leave such determinations to the jury. *U.S. v. Farley*, 2 F.3d 645, 652 (6th Cir. 1993); *see U.S. v. Phillips*, 961 F.2d 1579, at *1 (6th Cir. 1992) (table) ("Credibility assessments are the sole prerogative of the jury."); *U.S. v. Smith*, 11 CR 194, 2012 WL 6019109, at *1 (M.D. Tenn. Dec. 3, 2012) ("[C]redibility determinations are for the jury.").

We turn next to Glenn's argument that evidence of these alleged admissions must be excluded under Rules 403 and/or 404. As discussed earlier with respect to Glenn's statements to the VA, evidence that he made these presumably truthful admissions to Agent Goldman is not evidence of crimes or other acts under Rule 404. (*Supra* p. 12.) The Government represents that it does not intend to introduce any evidence of any criminal charges arising from Glenn's statements to the VA or Agent Goldman. (3d MIL Resp. at 2–3.) And as with his statements to

the VA, even if these admissions to the investigating agents fell under Rule 404, the evidence would be admissible for other purposes, including to prove the falsity of his statements to SSA in the December 7, 2010 application.

We similarly conclude that evidence of these admissions during the May 3, 2012 interview should not be barred under Rule 403. Glenn's alleged admissions on these three particular points are directly probative of the falsity of the statements charged in the Indictment. This evidence is not cumulative of other anticipated testimony and would not confuse the issues or mislead the jury. *See* Fed. R. Evid. 403. Although Glenn's defense may be undercut when the jury hears about these disputed admissions, the resulting prejudice would not be unfair in light of the significant probative value. *Bonds*, 12 F.3d at 567; *see Poulsen*, 655 F.3d at 509 (instructing us to "look at the evidence in the light most favorable to its proponent"). We thus deny the motion.

## II. MOTION TO PRESERVE AND DISCLOSE ROUGH NOTES AND GRAND JURY TESTIMONY

On July 11, 2014, Glenn filed a motion under Federal Rule of Criminal Procedure 16(a)(E)(1), seeking disclosure of information material to the preparation of his defense. In particular, Glenn requests the computerized notes and grand jury testimony of Justin Winsett, a Government witness. (Mot. to Preserve at 2.) Glenn seeks any additional notes prepared by Agent Goldman, whether as part of his investigation or from witness interviews. (*Id.*) Glenn further asks, pursuant to the Jencks Act, 18 U.S.C. § 3500, that the Government preserve and disclose all "rough notes" prepared by government agents during the course of their investigation, so he can prepare for cross-examination of government witnesses. (Mot. to Preserve at 2–3.)

15

As the Government points out, however, Glenn neglected to comply with Local Criminal Rule 12.01, which governs discovery motions in criminal cases. (Mot. to Preserve Resp. at 2.) Rule 12.01 provides that "no discovery motion, or motions for disclosure of impeaching information, favorable evidence, . . . Brady material and/or Giglio material" may be filed "unless accompanied by a written statement of counsel certifying that counsel for the moving party . . . has conferred with opposing counsel . . . in an effort in good faith to resolve" the dispute. L.Cr.R. 12.01. Glenn's failure to confer with the Government, and to attach a written certification of that good faith effort, is grounds for denial of the motion. *U.S. v. Walker*, 12 CR 76, 2013 WL 5592199, at *3 (M.D. Tenn. Oct. 10, 2013); *U.S. v. Smith*, 11 CR 194, 2012 WL 2357437, at *3 (M.D. Tenn. June 20, 2012).

Glenn's motion nonetheless appears entirely moot. According to the Government, it has already disclosed all computerized notes from Winsett. (Mot. to Preserve Resp. at 2, 4.) The Government further represents that Winsett did not testify before the grand jury and, moreover, that it has provided all grand jury testimony. (*Id.*) The Government also states that it has satisfied its obligations to date to provide Agent Goldman's notes. (*Id.* at 1, 3.) Glenn has not challenged these representations, although he had an opportunity to submit a reply brief on or before July 22, 2014. (*See* 7/14/14 Order (Dkt. No. 55).)

Turning to Glenn's request for statements under the Jencks Act, including rough notes, the statute "requires the [G]overnment to supply the defense with any material statement made by the witness, after the witness has testified at trial." *Farley*, 2 F.3d at 654; *U.S. v. Baker*, — F. App'x —, 2014 WL 1408888, at *8 (6th Cir. 2014); *U.S. v. Dorman*, 108 F. App'x 228, 244–45 (6th Cir. 2004). Under the Sixth Circuit's "adoption test," set forth in *United States v. Nathan*, 816 F.2d 230, 237 (6th Cir. 1987), "a government report or notes from a witness' statement must

be produced if the notes from the interview were read back to and verified by the witness and if the report summarized the notes without material alteration." *Farley*, 2 F.3d at 654 (internal quotation omitted); *U.S. v. Howard*, 150 F. App'x 476, 480 (6th Cir. 2005); *U.S. v. Carroll*, 26 F.3d 1380, 1391 (6th Cir. 1994). If the statements have not been "verified or adopted by the witness interviewed . . . they are not Jencks material." *Carroll*, 26 F.3d at 1391; *U.S. v. Howard*, 150 F. App'x 476, 850 (6th Cir. 2005); *Farley*, 2 F.3d at 654.

Here, the Government acknowledges that it possesses rough notes taken by law enforcement agents during witness interviews, which it has not yet provided to Glenn. (Mot. to Preserve Resp. at 2.) The Government reports, however, that none of these notes have been verified and adopted by the witnesses. (*Id.* at 3–4.) As such, they do not fall under the Jencks Act. Consistent with the above precedent, we agree with the Government that it need not disclose any such rough notes.[5]

Finally, the Government states that it has been preserving, and will continue to preserve, all rough notes related to witness statements. (Mot. to Preserve Resp. at 4.) We accept the Government's representations as true, particularly as Glenn did not file a reply to dispute them. *See U.S. v. McGuire*, 11 CR 3, 2012 WL 668803, at *4 (M.D. Tenn. Feb. 29, 2012). In sum, we deny the discovery motion as procedurally improper and as moot.

## CONCLUSION

As discussed in detail above, Glenn's first motion in limine, (Dkt. No. 50), is denied as to evidence of his 2010 conviction for theft of SSA. The Government may introduce evidence of

---

[5] Even if the Government had to disclose any rough notes under the Jencks Act, that obligation would not arise until the witness has testified on direct examination at trial. 18 U.S.C. § 3500 (stating that discovery of witness statements is not subject to discovery "until said witness has testified on direct examination"); *U.S. v. Presser*, 844 F.2d 1275, 1283–84 (6th Cir. 1988); *U.S. v. Jordan*, 06 CR 102, 2007 WL 1849985, at *14–15 (E.D. Tenn. June 25, 2007).

17

that conviction in its case in chief. Glenn's first motion is also granted in part, such that the Government may not introduce evidence of Glenn's 2010 misdemeanor perjury or felony embezzlement convictions in its case in chief.

As for evidence admissible under Rule 609(a)(1), we will allow the Government to use Glenn's two 2010 felony convictions for impeachment purposes, should he testify. As indicated earlier, Glenn may propose certain limiting instructions for the jury on or by August 25, 2014, and the Government may object on or by August 28, 2014.

As set forth above, we deny Glenn's second motion in limine, (Dkt. No. 51), and grant the Government's related motion, (Dkt. No. 49). The Government may introduce evidence of Glenn's statements concerning his wife's employment status and income as reported to the VA on two benefits forms.

We also deny Glenn's third motion in limine. (Dkt. No. 52.) We will allow the Government to introduce relevant statements made by Glenn to Agent Goldman and another investigating agent on May 3, 2012.

Additionally, Glenn's motion for preservation and disclosure of rough notes is denied. (Dkt. No. 54.) It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: August 19, 2014
       Chicago, Illinois